Victoria EAGLE ELK, on her behalf and on behalf of all others similarly situated, Plaintiffs and Appellants,

v.

Dr. Orville WESTBY, Director of Department of Social Services, State of South Dakota, in his official capacity; E. J. Colleran, State Program Administrator for Assistance Payments in his official capacity; Orville Kautz, R.P.A., Regional Supervisor of Assistance Payments in his official capacity; and their agents, assigns and successors in office, Defendants and Respondents.

No. 12656.

Supreme Court of South Dakota.

Argued May 14, 1979.

Decided Feb. 13, 1980.

Rebecca Janowitz, South Dakota Legal Services, Batesland, for plaintiffs and appellants; Yvette Hall War Bonnet and Anita Remerowski, South Dakota Legal Services, Mission, on brief.

Janice Godtland, Asst. Atty. Gen., Pierre, for defendants and respondents; William J. Janklow, Atty. Gen., Pierre, on brief.

WOLLMAN, Chief Justice.

Plaintiff appeals from the trial court's order denying injunctive and declaratory relief concerning the method of prior month budgeting (PMB) used by the South Dakota Department of Social Services (Department). We dismiss the appeal for mootness.

Plaintiff asked for a declaratory judgment and an injunction on the grounds that the PMB system used by the Department violated plaintiff's constitutional right to due process and, further, violated state and federal statutes and administrative rules.

Plaintiff argues that the PMB system (also called retrospective or lag budgeting) inherently causes hardships for its recipients by reflecting changes in a family's financial circumstances too slowly. An example is a recipient who is employed part-time, yet receives a monthly Aid to Families with Dependent Children (AFDC) payment to bring the family's income up to the minimum standard for her family. If the recipient's employment should end (as in the case of seasonal employment), the AFDC payment will not reflect the drop in income until two payments later. A recipient losing her job May 15, for example, would already have received her May check. Her May income loss would be reported between June 1 and June 15. This loss would finally be reflected in the August AFDC check by a higher payment to compensate for the loss of wages.

Relying on *Garcia v. Swoap*, 63 Cal. App.3d 903, 134 Cal.Rptr. 137 (1976), *cert. denied* 436 U.S. 930, 98 S.Ct. 2829, 56 L.Ed.2d 775 (1978), and *Williams v. Trainor*, Civ. No. 75–C–3148 (N.D.Ill., Eastern Division; filed December 14, 1976) (appeal dismissed April 11, 1977, No. 77–1208), plaintiff contends that PMB is illegal because it violates an AFDC recipient's right to have her eligibility redetermined promptly, as required by 45 CFR 206.10(a)(9)(ii), and to have the payment "furnished with reasonable promptness." 42 U.S.C. § 602(a)(10). In *Garcia v. Swoap*, supra, the California appellate court held that California's PMB system conflicted with 45 CFR 233.-20(a)(3)(ii)(D) [1] of the Social Security Act; the court also invalidated California's PMB system as being "fundamentally at odds with AFDC policies and provisions." 63 Cal.App.3d at 913, 134 Cal.Rptr. at 143.

In *Williams v. Trainor*, supra, the Federal District Court of the Eastern District of Illinois enjoined an attempt to introduce PMB into the AFDC program of Illinois. The court found that PMB was "likely to violate requirements that assistance be provided to all eligible persons with reasonable promptness" as required by 42 U.S.C. § 602(a)(10) and 45 CFR § 206.10(a)(9)(ii) by delaying redetermination of AFDC grants due to reduction or loss of earned income "substantially beyond 30 days."

In the case at bar, the trial court denied plaintiff's motion for summary judgment, and in a memorandum decision, held that PMB did not violate 42 U.S.C. § 602(a)(10), 42 U.S.C. § 1302, 45 CFR § 206.10(a)(9)(ii), or 45 CFR § 233.20(a)(3)(ii)(D). The trial

---

1. "Net income [actually] available for current use" shall be considered in determining need and the amount of assistance.

court also held that PMB does not violate the due process clauses of the South Dakota and United States Constitutions, nor was the PMB system adopted in violation of the South Dakota Administrative Procedures Act.

Subsequent to that decision, however, 45 CFR Part 233 was amended effective May 4, 1979, by the addition of 45 CFR § 233.21 (a), tacitly approving retrospective budgeting (PMB), and 45 CFR § 233.21(b)(4), which states that in retrospective budgeting "the payment month shall begin within 32 days after the end of the budget month." 45 CFR § 233.23(a) requires a state using retrospective budgeting to provide that grant payments be made either (1) within twenty-five days from the close of the budget month, or (2) between twenty-five and forty-five days from the close of the budget month. 45 CFR § 233.23(b)(1) requires that a state making payments in the twenty-five to forty-five day time frame "shall provide that the State will make supplemental payments as provided in [45 CFR] § 233.27." Section 233.27 provides for supplemental payments to be paid for the month in which they are requested, to be issued within five working days of the request. 45 CFR § 233.27(1) and (3).

Thus, it appears that the new regulations approve the PMB system implemented by South Dakota's Department, which pays within the first few days of the second month following the close of the budget month, a time span of approximately 34–35 days.

The question raised by the new regulations is whether South Dakota's supplemental payments plan, required for states using the twenty-five to forty-five day payment schedule by 45 CFR § 233.23(b)(1), complies with the regulations. This question, however, is not presented here, nor was it presented or decided below, and is impossible of resolution on the record before us.

We hold, therefore, that the appeal is moot and accordingly dismiss it. The parties deserving of assistance grants have long since received them, and the new regulations make clear the terms with which state programs must comply, rendering unlikely subsequent disputes of this type. We believe that the potential questions remaining under the AFDC statutes and regulations should be decided only within the framework of a lawsuit different from that before us.

The appeal is dismissed.

All the Justices concur.